# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| KELLY MILLEN, on behalf of minor child K.B.M., <br>     Plaintiff, <br> v. <br> MICHAEL J. ASTRUE, <br>     Defendant. | No. 2:13-cv-02148-JPM-cgc |

**ORDER DENYING PLAINTIFF'S REQUEST TO SUPPLEMENT THE RECORD**
**AND**
**ORDER AFFIRMING DECISION OF COMMISSIONER**

Plaintiff Kelly Millen brought this action on behalf of his minor daughter, K.B.M. ("Claimant"), for judicial review of Defendant Michael J. Astrue's ("the Commissioner") final decision denying K.B.M.'s application for supplemental security income ("SSI") benefits based on disability under Title XVI of the Social Security Act ("the Act").

Before the Court is also Plaintiff's request to supplement the record, filed July 17, 2013. (ECF No. 12.) On July 25, 2013, Defendant responded in opposition to Plaintiff's request. (ECF No. 14.)

For the reasons set forth below, Plaintiff's request to supplement the record is DENIED and the decision of the Commissioner is AFFIRMED.

## I. BACKGROUND

### A. Factual Background

K.B.M. was born on October 10, 2001, and at the time of her hearing before the ALJ on June 14, 2011, she was nine years old. (R. 28, 32, 129.) K.B.M. attended Cordova Elementary School through at least third grade, after which her father began homeschooling her. (R. 43-44, 527, 532.) At Cordova Elementary, K.B.M. received special accommodations pursuant to Section 504 of the Rehabilitation Act of 1973. (See R. 187-98.) She was diagnosed with attention deficit hyperactivity disorder ("ADHD") in February 2009. (R. 332-33.)

### B. Procedural Background

On March 10, 2010, Millen filed an application for SSI on behalf of Claimant, alleging a disability onset date of March 1, 2008. (See R. 11.) Millen alleged that Claimant was disabled based on her ADHD, bipolar disorder, impulse control disorder, and oppositional defiant disorder. (See R. 154-55.)

Plaintiff's application was denied initially and upon reconsideration by the Social Security Administration. (R. 47, 48, 53, 61.) Plaintiff then requested a hearing before an administrative law judge ("ALJ") (R. 62), which was held on June 14, 2011 (R. 28).

On November 17, 2011, the ALJ issued a decision, finding that Plaintiff was not entitled to benefits. (R. 11-23.) Specifically, the ALJ made the following findings of fact:

> 1. The claimant was born on October 10, 2001. Therefore, she was a preschooler on March 10, 2010, the date [the] application was filed, and is currently a school-age child (20 CFR 416.926a(g)(2)).
>
> 2. The claimant has not engaged in substantial gainful activity since March 10, 2010, the application date (20 CFR 416.924(b) and 416.971 et seq.).
>
> 3. The claimant has the following severe impairments: attention deficit hyperactivity disorder and learning disorder (20 CFR 416.924(c)).
>
> . . . .
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926).
>
> . . . .
>
> 5. The claimant does not have an impairment or combination of impairments that functionally equals the listings (20 CFR 416.924(d) and 416.926a).
>
> . . . .
>
> 6. The claimant has not been disabled, as defined in the Social Security Act, since March 10, 2010, the date the application was filed (20 CFR 416.924(a)).

(R. 14-22.)

In determining functional equivalence, the ALJ evaluated Claimant's abilities under all six domains of functioning and made the following findings:

1. The claimant has less than marked limitation in acquiring and using information.

. . . .

2. The claimant has marked limitation in attending and completing tasks.

. . . .

3. The claimant has less than marked limitation in interacting and relating with others.

. . . .

4. The claimant has no limitation in moving about and manipulating objects.

. . . .

5. The claimant has no limitation in the ability to care for herself.

. . . .

6. The claimant has no limitation in health and physical well-being.

(R. 17-22.)

On December 5, 2011, Plaintiff timely filed a request for review of the hearing decision. (R. 7.) On December 21, 2012, the Appeals Council affirmed the ALJ's decision, thereby making the ALJ's decision the final decision of the Commissioner. (R. 2-6.)

On March 8, 2013, Plaintiff filed the instant action, requesting reversal of the decision of the Commissioner or a remand. (See Compl. at PageID 2-3, ECF No. 1.) Defendant filed

an Answer, as well as the administrative record, on May 14, 2013. (ECF No. 8.)

On June 7, 2013, Plaintiff filed a memorandum in opposition to the Commissioner's decision. (ECF No. 10.) Defendant filed a memorandum in support of the Commissioner's decision on July 8, 2013. (ECF No. 11.)

On July 17, 2013, Plaintiff sent a letter to the Court, requesting to supplement the record in light of the Social Security's approval of her February 2013 claim for SSI benefits. (ECF No. 12.) Defendant responded in opposition to this request on July 25, 2013. (ECF No. 14.)

**II. LEGAL STANDARD**

Pursuant to 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he was a party. 42 U.S.C. § 405(g). "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Id.

A district court's review is limited to the record made in the administrative hearing process. Jones v. Sec'y, Health & Human Servs., 945 F.2d 1365, 1369 (6th Cir. 1991). The purpose of this review is to determine whether or not there is substantial evidence to support the Commissioner's decision, 42

U.S.C. § 405(g), and whether the correct legal standards were applied. See Kyle v. Comm'r of Soc. Sec., 609 F.3d 847, 854 (6th Cir. 2010); Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604-05 (6th Cir. 2009).

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007). "'Substantial evidence' is more than a mere scintilla of evidence, but less than a preponderance." Bell v. Comm'r of Soc. Sec., 105 F.3d 244, 245 (6th Cir. 1996) (quoting Consol. Edison, 305 U.S. at 229).

The Commissioner, not the district court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide the case accordingly. See Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007). When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion. See Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001); Mullen v. Bowen, 800 F.2d 535, 545-46 (6th Cir. 1986) (en banc).

## III. ANALYSIS

### A. Administrative Determination

The standard for evaluating a child's disability claim differs from that used for an adult. 42 U.S.C. § 1382c(a)(3)(C). To determine whether a child is disabled within the meaning of the Act, the Commissioner conducts the following three-step evaluation:

> (1) whether the child is working; (2) whether the child has a medically determinable severe impairment which is expected to result in death, has lasted or is expected to last for a continuous period of not less than 12 months and, if so, (3) whether the impairment or combination of impairments meets, medically equals, or functionally equals the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (2000).

Miller ex rel. Devine v. Comm'r of Soc. Sec., 37 F. App'x 146, 148 (6th Cir. 2002) (citing 20 C.F.R. § 416.924 (2000)). An impairment is considered to "functionally equal" a listed impairment "if the child has an extreme limitation in one area of functioning, or a marked limitation in two areas of functioning." Id. (citing 20 C.F.R. § 416.926a(b)(2)); 20 C.F.R. § 416.926a(a). The domains addressed when considering functional equivalency are: "(1) [a]cquiring and using information; (2) [a]ttending and completing tasks; (3) [i]nteracting and relating with others; (4) [m]oving about and manipulating objects; (5) [c]aring for [one]self; and (6) [h]ealth and physical well-being." 20 C.F.R. § 416.926a(b)(1).

In the instant case, the ALJ found that Claimant's impairment did not meet, medically equal, or functionally equal any listed impairment.

**B.  Review of ALJ Decision**

Plaintiff generally objects to the ALJ's conclusions. (See ECF No. 10.)  Plaintiff also requests that the Court consider supplemental material, namely the Social Security Administration's finding that Claimant was disabled as of February 2013.  (ECF No. 12.)  Defendant argues that substantial evidence supports the Commissioner's findings.  (ECF No. 11 at 4-11.)  Defendant further argues that Plaintiff's request to supplement the record is not appropriate pursuant to 42 U.S.C. § 405(g).  (ECF No. 14.)

The Court first considers whether the supplemental material should be considered.  The Court then considers whether the ALJ erred by (1) failing to find that Claimant's impairment meets or medically equals a listed impairment; or (2) failing to find that Claimant's impairment functionally equals a listed impairment.

**1.  Motion to Supplement**

As an initial matter, the Court's review is limited to the administrative record.  Thus, the Court considers the new evidence submitted by Plaintiff only to determine whether it provides a basis for remand under 42 U.S.C. § 405(g).

8

Under 42 U.S.C. § 405(g), a reviewing court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); see also Willis v. Sec'y of Health & Human Servs., 727 F.2d 551, 553 (6th Cir. 1984). "[T]he party seeking remand bears the burden of showing that remand is proper under Section 405." Oliver v. Sec'y of Health & Human Servs., 804 F.2d 964, 966 (6th Cir. 1986).

The additional evidence submitted by Claimant is not material to the Commissioner's decision that Claimant was not disabled as of November 17, 2011. The new evidence reveals that the Social Security Administration determined that Claimant qualified as disabled as of February 2013, but it does not reveal further information about Claimant's medical condition in November 2011. Accord Sizemore v. Sec'y of Health & Human Servs., 865 F.2d 709, 712 (6th Cir. 1988) (per curiam) ("Evidence which reflected the applicant's aggravated or deteriorated condition is not relevant because such evidence does not demonstrate the point in time that the disability itself began. Reviewing courts have declined to remand disability claims for reevaluation in light of medical evidence

9

of a deteriorated condition."). Accordingly, Plaintiff fails to demonstrate that this new evidence necessitates remand. Plaintiff's request to supplement the record is DENIED.

### 2. ALJ's Finding that Claimant Did Not Meet or Medically Equal a Listed Impairment

The ALJ determined that Claimant did not meet or medically equal Listing 112.11, the listing for ADHD that applies to individuals under the age of eighteen. (See R. 14.) To meet Listing 112.11, a child must have medically documented findings of marked inattention, marked impulsiveness, and marked hyperactivity, resulting in marked impairment in at least two of the following: (1) age-appropriate cognitive/communicative function, (2) age-appropriate social functioning, (3) age-appropriate personal functioning, or (4) maintaining concentration, persistence, or pace. 20 C.F.R. Part 404, Subpart P, Appendix 1 §§ 112.02(B)(2), 112.11. A claimant's impairment "medically equals" a listed impairment if it is "at least equal in severity and duration to the criteria of any listed impairment." Reynolds v. Comm'r of Soc. Sec., 424 F. App'x 411, 414 (6th Cir. 2011) (quoting 20 C.F.R. § 416.926(a); 20 C.F.R. § 404.1526(a)). The ALJ reasoned that "while the claimant has been assessed with ADHD, she does not meet this Listing as the medical records do not reveal that her condition

results in marked restriction in any of the areas referenced above." (R. 14.)

Substantial evidence in the record supports the ALJ's conclusion. Specifically, the records from Memphis Neurology, consultative examiner Russell Beebe, Ph.D., and non-examining psychologists William Meneese, Ph.D., and George Davis, Ph.D., reflect that Claimant's ADHD was effectively treated by medication and that she had only mild-to-moderate limitations in the above-stated areas of functioning. (R. 289, 316-18, 330, 353-57, 358-63.)

For example, on March 3, 2009, Family Nurse Practitioner Laura Porch of Memphis Neurology observed that Claimant was "[d]oing much better on the Adderall." (R. 330.) On May 12, 2010, Porch observed that Claimant was "doing well and . . . tolerating medication, but . . . having issues with mood swings." (R. 338.) Porch, therefore, "add[ed] Risperdal for her mood." (R. 339.) Porch "add[ed] Lamictal as a mood stabilizer" in April 2011. (R. 447.)

On May 5, 2010, Dr. Beebe observed that although Claimant "showed a short attention span," "[s]he was able to engage in some back and forth conversation and follow a train of thought at a level near expectations for her age." (R. 313.) He opined that "[h]er overall day-to-day functioning appears to be moderately impaired by ADHD." (R. 318.) On May 27, 2010, Dr.

Meneese determined that Claimant had "moderate learning[] [and] attention limits," as well as "mild interaction limits." (R. 353, 357.) On July 24, 2010, Dr. Davis agreed with Dr. Meneese's conclusions. (R. 358-63.)

The Appeals Council also considered medical records from UT Medical Group Division of Child and Adolescent Psychiatry, dated August 11, 2011, through June 7, 2012. (See R. 6.)[1] In the initial assessment (R. 535-45), which took place on August 11, 2011, shortly after K.B.M.'s hearing before the ALJ, the interviewer noted that Claimant was "[a]lert," "[c]ooperative," and "attentive." (R. 542-43.) The interviewer also described Claimant's mood as "good," her thought process as "[n]ormal," and her concentration and attention as "[a]ppear[ing] normal." (R. 543-44.) Although Claimant was having "behavioral/disciplinary problems at home," the interviewer noted that she was "[c]urrently doing well in school on Focalin." (R. 544.) This evidence is consistent with the other relevant medical evidence and reflects that, at the time of the ALJ's review, while Claimant had ADHD, the disorder did not result in marked impairment in any of the requisite categories of functioning.

---

[1] The Appeals Council indicates that the medical records from the UT Medical Group are dated August 18, 2011 to June 7, 2012. (R. 6.) This appears to be a clerical error, as the medical records reflect that an initial assessment took place on August 11, 2011. (See R. 535.)

Accordingly, the Court finds that substantial evidence supports the ALJ's finding that Claimant did not meet or medically equal a listed impairment.

### 3. ALJ's Finding that Claimant Did Not Functionally Equal a Listed Impairment

As discussed above, a child's impairment functionally equals a listed impairment if the child has an extreme limitation in one area of functioning or marked limitations in two areas of functioning. The ALJ determined that Claimant had a marked limitation in attending and completing tasks. (R. 18.) In all other areas of functioning, the ALJ found no or less than marked limitation. (R. 16-17, 19-22.) In making this determination, the ALJ considered Claimant's educational records, a teacher questionnaire submitted by Claimant's second-grade teacher, a note from Claimant's third-grade teacher, the statements of Claimant's parents, the Memphis Neurology records, Dr. Beebe's report, and the evaluations of Drs. Meneese and Davis. (R. 14-17, 20.)

#### a. Acquiring and Using Information

The ALJ found that Claimant "has less than marked limitation in acquiring and using information," considering her educational records and the questionnaire submitted by her second-grade teacher. (R. 17.) The Social Security regulations provide that a child between the ages of six and twelve "should

be able to learn to read, write, and do math, and discuss history and science." 20 C.F.R. § 416.926a(g)(2)(iv). These skills are relevant in both academic situations and "daily living situations at home and in the community." Id. The child should also "be able to use increasingly complex language . . . to share information and ideas with individuals or groups, by asking questions and expressing [his or her] own ideas, and by understanding and responding to the opinions of others." Id.

As the ALJ correctly states, Claimant's educational records reveal "reasonably good performance." (R. 17.) The questionnaire completed by Claimant's second-grade teacher indicated that Claimant's reading skills were at a 2.3 to 3.3 grade level, her math skills were at a second-grade level, and her written language skills were at a 1.9 grade level. (R. 113.) The teacher noted that Claimant "comprehends when she is attentive," but has a short attention span. (R. 114.)

In third grade, Claimant earned a final grade of "B" or "C" in all of the academic subjects, which included reading, spelling, composition, grammar, mathematics, science, and social studies. (R. 454.) Claimant earned a final grade of "excellent" in five out of the six "special subjects," which included health, handwriting, computer literacy, Spanish, physical education, and music. (Id.)

14

Accordingly, substantial evidence supports the ALJ's conclusion that Claimant has less than marked impairment in acquiring and using information.

### b. Attending and Completing Tasks

The ALJ found that Claimant "has marked limitation in attending and completing tasks." (R. 18.) The Social Security regulations provide that a child between the ages of six and twelve "should be able to focus [his or her] attention in a variety of situations in order to follow directions, remember and organize [his or her] school materials, and complete classroom and homework assignments." 20 C.F.R. § 416.926a(h)(2)(iv). The child "should be able to concentrate on details and not make careless mistakes in [his or her work] (beyond what would be expected in other children [of the same age] who do not have impairments)." Id. The child should be able to stay on task when appropriate and to complete "a transition task" without additional reminders. Id.

Although both Dr. Meneese and Dr. Davis found that Claimant had less than marked limitation in attending and completing tasks (R. 354, 360), the ALJ found that the record reflected greater limitations in this area (R. 18). The ALJ specifically referred to the questionnaire submitted by Claimant's second-grade teacher, which indicated that Claimant has "[a] very serious problem" carrying out multi-step instructions,

15

completing class and homework assignments, and completing work accurately without careless mistakes. (R. 115.) These observations are consistent with those of Dr. Beebe in his consultative report. (R. 311-18.) Dr. Beebe noted that Claimant had "a short attention span" and that Claimant's "mother describes behaviors and problems typical of ADHD children." (R. 313, 318.) Considering the entire record, the Court finds that substantial evidence supports the ALJ's conclusion that Claimant suffered marked limitation in attending and completing tasks.

### c. Interacting and Relating With Others

The ALJ found that Claimant "has less than marked limitation in interacting and relating with others." (R. 20.) The Social Security regulations provide that a child between the ages of six and twelve "should be able to develop more lasting friendships with children who are [his or her age]" and "should be well able to talk to people of all ages, to share ideas, tell stories, and to speak in a manner that both familiar and unfamiliar listeners readily understand." 20 C.F.R. § 416.926a(i)(2)(iv).

The ALJ specifically referred to the written note from Claimant's third-grade teacher and the questionnaire submitted by Claimant's second-grade teacher. (R. 20.) Claimant's second-grade teacher indicated that Claimant has slight to

obvious problems functioning in this domain, no problem asking permission appropriately, and a serious problem relating experiences and telling stories. (R. 116.) Claimant's third-grade teacher noted that Claimant often exhibits a "Dr. Jekyll and Mr. Hyde personality," but also awarded Claimant a final grade of "excellent" for her conduct and a final grade of "satisfactory" for her work habits. (R. 453-54.) Claimant's mother indicated on the "U.T. Division of Child and Adolescent Psychiatry Social History Questionnaire" that Claimant "sometimes" got along well with other children and that it is not hard for Claimant to make friends. (R. 546, 549.) Thus, there is substantial evidence to support the ALJ's conclusion that, although Claimant has some problems in this area, she has less than marked limitation.

### d. Moving About and Manipulating Objects

The ALJ found that Claimant "has no limitation in moving about and manipulating objects." (R. 21.) The Social Security regulations provide that a child between the ages of six and twelve should be developing gross motor skills, increasing strength and coordination, and developing fine motor skills. 20 C.F.R. § 416.926a(j)(2)(iv).

The ALJ correctly points out that there is no evidence of record that demonstrates impairment in this domain. (R. 21.) Claimant's second-grade teacher observed no problems in this

17

domain. (R. 117.) In third grade, Claimant received a grade of "excellent" in physical education and a grade of "satisfactory" in handwriting. (R. 454.) Plaintiff indicated that Claimant is not limited in physical activities. (R. 38, 134.) Accordingly, the Court finds that substantial evidence supports the ALJ's conclusion that Claimant has no limitation in moving about and manipulating objects.

### e. Caring for Oneself

The ALJ found that Claimant "has no limitation in the ability to care for herself." (R. 22.) The Social Security regulations provide that a child between the ages of six and twelve should be independent in most day-to-day activities, although he or she "may still need to be reminded sometimes to do these routinely." 20 C.F.R. § 416.926a(k)(2)(iv). The child should begin to recognize that he or she is more competent in some activities than others. Id. The child should be able to consistently control his or her behavior and should begin to develop an understanding of acceptable and unacceptable behavior. Id.

The ALJ correctly points out that there is no evidence of record that demonstrates impairment in this domain. (R. 22.) Claimant's second-grade teacher observed no problems in this domain. (R. 118.) Claimant's third-grade teacher also did not note any concerns in this area. (R. 453.)

Plaintiff reported that Claimant performs most activities necessary to care for herself, but does not or cannot button clothes by herself, brush her teeth, eat by herself using a knife, fork, and spoon, obey safety rules, or accept criticism or correction. (R. 136.) At the ALJ hearing, however, Plaintiff explained that Claimant can take care of herself "[i]f you get on to her." (R. 38.) Plaintiff testified that Claimant "does prepare herself" for school in the morning, but that she has to be told to brush her teeth and take a shower. (R. 39.) Dr. Beebe, the consultative examiner, similarly observed that Claimant can "attend to her own toileting and hygiene needs independently," "is able to dress herself without assistance," and "is able to pick out her own clothes." (R. 316.) Dr. Beebe further observed that Claimant "sometimes needs reminding to bathe and brush her teeth." (Id.)

Accordingly, Claimant's abilities are largely consistent with the age-appropriate Social Security behavior guidelines. There is substantial evidence in the record to support the ALJ's finding that Claimant does not suffer an impairment in this area.

### f. Health and Physical Well-Being

The ALJ found that Claimant "has no limitation in health and physical well-being." (R. 22.) This factor relates to "the cumulative physical effects of physical or mental impairments

19

and their associated treatments or therapies on [a claimant's] functioning."  20 C.F.R. § 416.926a(l).

At the ALJ hearing, Plaintiff agreed that Claimant had no physical problems or other issues with her health and physical well-being.  (R. 39-40.)  Claimant's medical records also do not reflect any physical limitations.  (See R. 289-310, 313, 321-34, 446-451, 527-545.)  Accordingly, substantial evidence in the record supports the ALJ's finding that Claimant has no limitation in this domain.

**IV. CONCLUSION**

In the instant case, Plaintiff failed to carry the burden of proof.  Plaintiff has not shown that the ALJ applied the incorrect standard or that there is not substantial evidence to support the ALJ's finding that Claimant is not disabled under section 1614(a)(3)C) of the Social Security Act.

For the foregoing reasons, the decision of the Commissioner is AFFIRMED.

**IT IS SO ORDERED,** this 18th day of May, 2016.

/s/ Jon P. McCalla
JON P. McCALLA
U.S. DISTRICT COURT JUDGE